**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4979**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DAVID RICHARDSON, a/k/a Kerry Webber, a/k/a Dad, a/k/a
Dakim,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Robert G. Doumar, Senior
District Judge.  (4:13-cr-00006-RGD-TEM-1)

_____

Submitted:  May 29, 2014                 Decided:  June 2, 2014

_____

Before SHEDD, WYNN, and THACKER, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

Timothy V. Anderson, ANDERSON & ASSOCIATES, Virginia Beach,
Virginia, for Appellant.  Eric Matthew Hurt, Assistant United
States Attorney, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Richardson seeks to appeal his conviction and sentence for conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Richardson pled guilty pursuant to a written plea agreement and was sentenced to 260 months' imprisonment. On appeal, counsel for Richardson filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the application of the career offender enhancement in the calculation of Richardson's sentence. Richardson has not filed a supplemental pro se brief despite notice of his right to do so. The government has moved to dismiss the appeal as barred by Richardson's waiver of the right to appeal, included in the plea agreement. Counsel for Richardson has responded in opposition to the motion to dismiss and has moved for a determination of Richardson's standing to pursue an appeal in light of the appellate waiver.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th

Cir. 2012) (internal quotation marks omitted).  A defendant's waiver is valid if he agreed to it "knowingly and intelligently."  United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Richardson knowingly and voluntarily waived his right to appeal his conviction and sentence.  Because the government seeks to enforce this valid waiver, we grant the motion to dismiss in part and dismiss Richardson's appeal as to the claim raised in the Anders brief, which is clearly within the waiver's scope. We have reviewed the entire record in accordance with Anders and have found no meritorious issues for appeal outside the scope of the waiver.  We therefore affirm the district court's judgment as to all issues not encompassed by Richardson's broad waiver of appellate rights.  We dismiss as moot Richardson's motion for a determination of standing.

This court requires that counsel inform Richardson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Richardson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Richardson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
